## JEREMIAH S. HAKES *v.* JOHN M. PECK.

Where a party purchases a tract of land at a price named, and pays for the same in a city lot, stipulating that said lot shall sell within one year at that price or over, and in case of its not selling for that amount he will make up the deficiency in cash, etc., the other party is at liberty to sell said lot at public auction at any time during the year, and if it does not bring the price stipulated the party will be liable for the deficiency.

THE plaintiff sold to the defendant a tract of land for $1,500, and received in payment therefor lot number ten, on a map of lands made for S. Cowell, lying on River street, in the city of Troy, valued at the same sum. The defendant at the time of sale signed a written agreement by which he stipulated that the said lot should sell within one year at that price or over, and in case of its not selling for that amount that he would make up the deficiency in cash to said Hakes, within sixty days, with interest after such sale. This agreement was dated 21st October, 1854. The deeds were executed at the same time. The plaintiff held the lot until 15th of June, 1855, when he sold the same at public auction in Troy, for $1,250. Public notice was given of the sale by advertisements, which were posted about the city. Notice was given of the sale to Peck. He was at the place of sale a short time before it took place.

Evidence was given on the part of the plaintiff to show that the lot had depreciated in value from October, 1854, to the time of sale, and till October, 1855. To this evidence the defendant objected, and his objection being overruled he excepted.

The defendant's counsel moved for a dismissal of the complaint on the ground that no breach of the contract was proved, and that no cause of action had accrued at the time of the commencement of the action. The court denied the motion, to which the defendant excepted. The court decided that the plaintiff was entitled to recover and directed the jury to find a verdict for the plaintiff, to which the defendant's counsel excepted. The exceptions were directed to be heard

64

at a General Term in the first instance. Judgment was ordered for the plaintiff.

*John H. Reynolds*, for the appellant.

*J. A. Millard*, for the respondent.

INGRAHAM, J.   The principal question in this case depends upon the construction of the agreement between the parties, by which the defendant undertook to make up the deficiency if the lot did not within a year bring $1,500.   The defendant contends that he had a right at any time within the year to find a purchaser at that sum, and that the sale by the plaintiff before the year expired put it out of the power of the defendant to fulfill his agreement.   I do not see anything in the contract that rendered it necessary for Hakes to hold the title to the lot for the year.   The agreement was that it should sell for $1,500 within one year, and if after Hakes had sold the lot the purchaser had resold it within the year for $1,500, that would have been a defense to this action. Nor is there anything requiring the offer of $1,500 from a purchaser to be made to Hakes.   A like offer made in good faith to the purchaser, even if refused by him, would have shown the value to be $1,500 within the year, and an offer to the purchaser would have been as effective to fix the value as a like offer would have been if made to the plaintiff.

The proper construction of this agreement is, that Hakes should ascertain the value by a sale some time within the year and that he should not hold the lot longer than that time, and afterward by selling it for a less sum than $1,500, charge him with the deficiency.   The contract clearly contemplated a sale within the year.   If the defendant is right in his construction, there could be no sale within the year for less than $1,500.   But if so how could there be a deficiency made, or how could the amount of deficiency be ascertained?   Not before the year expired, because if so the defendant's claim to have the whole year to find a purchaser would fail.   If after the year, that would be contrary to the contract which provided for paying any deficiency within the year.   The

construction put upon the contract in the court below was the correct one, viz. : that if the plaintiff chose to sell the lot within the ensuing year it would bring $1,500, and if it did not the defendant would make up the deficiency between that sum and the amount the lot should bring if sold within the year. Suppose the plaintiff had not offered the lot for sale within the year, could he have maintained any action against the defendant? I think not. The contract evidently means that the plaintiff should act in good faith in selling at a reasonable time and using proper means to get a fair price.. If after so doing, the property does not bring the sum agreed on, the defendant became liable to pay the difference.

There was an exception to the admission of the evidence showing the market value of the lot during the year. This point has not been taken before us on the argument. The evidence was clearly admissible, if for no other purpose to show good faith on the part of the plaintiff in making the sale, and that the defendant was not injured by selling it within and before the termination of the year.

The judgment was right, and should be affirmed.

JOHNSON, J. The plaintiff received the lot of land in question, of the defendant, at a valuation of $1,500, with a stipulation from the latter that "said lot shall sell within one year at that price or over, and in case of its not selling for that amount I will make up the deficiency in cash to said Hakes within sixty days, with interest after said sale." The stipulation is dated the 21st of October, 1854. The plaintiff sold the land at public auction June 18, 1855, for $1,250, which was the highest sum bid. The action is for the deficiency. The stipulation plainly contemplates a sale by the plaintiff of the premises, for the purpose of converting the same into money within the year ensuing its date, and provides for the payment of any deficiency in case there should be any upon such sale. The sale was of course to be made by the plaintiff, as he was the sole owner and at liberty to sell or retain the premises at his option. If he elected to keep the lot, it

operated as a satisfaction of the $1,500, at which it was valued. If he elected to sell, the stipulation provided that it should bring $1,500 or over, upon such sale, within the year, or the deficiency should be paid with interest from the date of the sale.

The only question in the case is, at what time within the year could the plaintiff sell and hold the defendant to his stipulation? The answer seems to me very plain. No time of sale is fixed by the instrument except "within one year." And as it is left optional with the plaintiff to sell or not, as he might choose, it follows, I think, very clearly, that he was to be at liberty to sell at any time within the year when it might be desirable on his part to convert the land into money. Of course, there was an implied obligation on the part of the plaintiff to act in good faith, and obtain the best price which could be obtained with reasonable exertion. There is no pretense that this has not been done. The defendant had notice of the sale, and was present, but did not offer to take the lot at the $1,500, or any other price. He certainly had then a fair opportunity of canceling his obligation by taking the lot off the plaintiff's hands. This he declined or neglected to do. It is claimed on behalf of the defendant that he had the whole of the year within which to make the required sum by a sale of the lot, and that he was to be the actor, and the plaintiff had no right to sell until the last day of the year. But this is a mistake. The plaintiff was to be the actor. He could sell or not as he chose. If he sold, it was to be at the defendant's risk as to price, and this right he has exercised within the general limit. Clearly the defendant had no power to sell, or to control the plaintiff as to time within the general scope. He might have found a purchaser for the plaintiff had he chosen so to do at the valuation, or offered to take the land at that price himself, at any time before the plaintiff elected to sell, or at the time of the sale, and thus have absolved himself from his obligation. But he could not lie still, and compel the plaintiff to keep the land through the year, as that was no part of the stipulation. The meaning of the

agreement is that the lot should sell at any time within the year at which the plaintiff might in good faith desire and elect to sell, for the valuation or over. As it was sold for less, at a fair sale, within the time, the defendant is liable for the deficiency with interest.

The judgment of the Supreme Court is right, and should be affirmed.

All concur except Denio, Ch. J., and Selden, J., who dissent.

Judgment affirmed.